

**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

J. B. HUNT TRANSPORT, INC.
4949 TUGGLE ROAD
MEMPHIS, TN 38118

RECEIVED
OCT 18 2017
CORPORATE SAFETY

10/10/2017

RE: MELBA DENISE PHIPPS

VS: MATTHE BRADY WATSON AND J.B., HUNT TRANSPORT, INC.

## Notice of Service

The enclosed process, notice or demand is hereby officially served upon you by the Tennessee Secretary of State pursuant to Tennessee law. Please refer to the process, notice or demand for details concerning the legal matter. If you have any questions, please contact the clerk of the court that issued the process, notice or demand.

The process, notice or demand may have a court date and time that you must appear to defend yourself or the number of days from the date of service by which you are required to file an answer. Failure to appear in court at the time specified or failure to file an answer in the given time could result in a default judgement being rendered against you for relief sought in the lawsuit.

The Secretary of State's office cannot give you legal advice. If you need legal advice, please consult a private attorney.

Tre Hargett
Secretary of State

Enclosures: Original Documents

**DOCUMENT INFORMATION**
SOS Summons #: 04882459
Case #: CT-003125-17
Certified #: 70170530000018923174

SS-4214 (Rev. 8/15)



(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. CT-003125-17

☉ Lawsuit
○ Divorce

Ad Damnum $ _____

| Plaintiff(s) | Defendant(s) |
|---|---|
| MELBA DENISE PHIPPS | MATTHE BRADY WATSON and J.B,. HUNT TRANSPORT, INC. |

VS

**TO:** (Name and Address of Defendant (One defendant per summons))

J. B. Hunt Transport, Inc.
4949 Tuggle Road
Memphis, TN 38118

**Method of Service:**
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
● Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **DARYL A. GRAY** Plaintiff's attorney, whose address is **10555 LAKE FOREST BLVD., STE. 9C, NEW ORLEANS, LA 70127** telephone **(504) 264-5552** within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____10-4-17_____ By _____, D.C.

**TO THE DEFENDANT:**

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____10-4_____ 20_17_

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master By _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____ at _____ M. a copy of the summons and a copy of the Complaint to the following Defendant _____

at _____

_____
Signature of person accepting service

By: _____
Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS



| | |
|---|---|
| MELBA DENISE PHIPPS<br><br>PLAINTIFF,<br><br>v.<br><br>MATTHE BRADY WATSON and<br>J.B. HUNT TRANSPORT INC.<br><br>DEFENDANTS. | NO. CT-003125-17<br>JURY DEMANDED<br>Div III |

## COMPLAINT

COMES NOW Plaintiff Melba Phipps, by and through her attorneys Gray Law Group, LLC, and for her cause of action against Defendants Matthew Brady Watson and J.B. Hunt Transport Inc., states:

### Parties

1. Plaintiff Melba Phipps is and was at all times relevant to this Complaint a resident of Shelby County, Tennessee with a mailing address of 4660 Highway 322 Sherard, Clarksdale Mississippi 38614

2. Defendant Matthew Brady Watson was at all times relevant to this Complaint a resident of Rusk County, Texas with a mailing address of 104 N. Meadowbrook, Overton Texas 75684.

3. Defendant J.B. Hunt Transport Inc. is and was at all times relevant to this Complaint a for-profit Incorporated company organized under the laws of the State of Tennessee with its principal place of business in Memphis, Shelby County, Tennessee, with

an address 4949 Tuggle Rd, Memphis, TN 38118.

## Jurisdiction and Venue

4. The Plaintiff's causes of action and damages stated herein arise out of a motor vehicle collision that occurred on September 2, 2016, at the intersection of Tuggle Road and East Shelby Drive in Shelby County, Tennessee, caused by the negligence, wrongful acts, and/or omissions of the Defendants.

5. At all relevant times, Defendants' acts and omissions have consequences within the United States and the State of Tennessee.

6. This Court has personal jurisdiction over the parties pursuant to *inter alia* Tenn. Code Ann. § 20-2-223.

7. This Court has subject matter jurisdiction pursuant to Tenn. Code Ann. § 16-10-101.

8. Venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101.

## General Allegations of Fact

9. Plaintiff re-alleges and incorporates Paragraphs 1 - 8 above as if specifically set forth.

10. On September 2, 2016, Plaintiff Melba Phipps was in a 2012 Honda Accord, VIN 1HGCP2F30CA007651. Ms. Phipps was traveling eastbound on E. Shelby Drive in Shelby County, Tennessee.

11. On the same date, Defendant Matthew Brady Watson was driving a 2015 Freightliner truck, VIN 3AKJGLD53FSGM8723 owned by Defendant J.B. Hunt Inc.

12. Defendant Watson attempted to make a left turn onto E. Shelby Dr. from Tuggle Rd. While merging into the far right lane from his turn, Mr. Watson violently struck

Ms. Phipps. Additionally, Defendant Watson failed to maintain a proper lookout, striking Ms. Phipps' vehicle. Memphis Police Department officers cited Defendant Watson for improper passing (Citation #U318337).

13. Defendant Watson operated his vehicle in a negligent manner, such that Ms. Phipps in exercising due care was unable to avoid a collision.

14. After the collision negligently caused by Defendant Watson, Plaintiff's vehicle sustained damages.

15. Defendant Watson caused this accident and is 100% at fault for same.

16. There was nothing Plaintiff could do to avoid the accident.

17. As a result of Defendant Watson's negligent actions, Plaintiff Melba Phipps sustained bodily injuries, mental anguish, and personal damages.

18. Defendant Watson was acting recklessly and negligently in the operation of his vehicle and with a reckless disregard for the safety of others and was the direct and proximate cause of the vehicle collision and the resulting injuries and damages to Plaintiff.

## Imputed Negligence

19. Defendant J.B. Hunt Inc., the owner of the vehicle driven by Defendant Watson, negligently entrusted the vehicle to, or otherwise turned it over to, Defendant Watson, for their joint use and benefit, making Defendant J.B. Hunt Inc. responsible for the negligent acts and omissions of Defendant Watson, under the doctrine of respondeat superior, common law of the State of Tennessee and the following statutes, to wit:

> Tenn. Code Ann. § 55-10-311 - Ownership; prima facie evidence;
> (a) In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile, auto truck, motorcycle, or other motor propelled vehicle within this state, proof of ownership of the vehicle shall be prima facie evidence that the vehicle at the time of the cause of action sued on was being operated

and used with authority, consent and knowledge of the owner in the very transaction out of which the injury or cause of action arose, and the proof of ownership likewise shall be prima facie evidence that the vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of the servant's employment. The prima facie evidence rules of the preceding sentence shall also apply in cases of the negligent operation of a vehicle being test-driven by a prospective purchaser with the knowledge and consent of the seller or the seller's agent, whether or not the seller or the seller's agent is present in the vehicle at the time of the alleged negligent operation.

...

(c) This section is in the nature of remedial legislation and it is the legislative intent that it be given a liberal construction.

§ 55-10-312 - Registration; prima facie evidence;
(a) Proof of the registration of the motor-propelled vehicle in the name of any person shall be prima facie evidence of ownership of the motor propelled vehicle by the person in whose name the vehicle is registered; and the proof of registration shall likewise be prima facie evidence that the vehicle was then and there being operated by the owner or by the owner's servant for the owner's use and benefit and within the course and scope of the servant's employment.

20. At all times relevant hereto, Defendant Watson operated the 2015 Freightliner truck, VIN 3AKJGLD53FSGM8723 owned by Defendant J.B. Hunt Inc. within the scope of the employer/employee relationship for the use and benefit of the owner's business and with the owner's permission and/or J.B. Hunt Inc. negligently entrusted the vehicle to Defendant Watson for his use and benefit with his permission. As a result, Defendant J.B. Hunt Inc. is responsible for the negligent acts of Defendant Watson.

## CAUSES OF ACTION

### COUNT I
### COMMON LAW NEGLIGENCE

21. Plaintiff re-alleges and incorporates Paragraphs 1 - 20 above as if specifically set forth.

22. Defendant Watson, as the driver of the 2015 Freightliner truck, VIN 3AKJGLD53FSGM8723 owned by Defendant J.B. Hunt Inc., directly and proximately was guilty of the following acts and/or omissions of common law negligence, each and every one of which was a direct and proximate cause of the collision and severe and permanent physical injuries and damages to the Plaintiff Melba Phipps, to wit:

   a. Negligently and carelessly failing to maintain control of his vehicle;

   b. Negligently and carelessly failing to yield the right-of-way to Plaintiff;

   c. Negligently failing to keep proper lookout;

   d. Negligently and carelessly failing to use the degree of care and caution in the operation of said vehicle as is required of a reasonable, prudent driver;

   e. Negligently driving a vehicle in such a manner as to cause same to collide with Plaintiff's vehicle;

   f. Negligently operating the vehicle at an unsafe speed and manner for conditions;

   g. Negligently failing to devote full time and attention to the operation of the vehicle;

   h. Such other acts of negligence that may be proved at the trial of the cause.

## COUNT II
## NEGLIGENCE *PER SE*

23. Plaintiff re-alleges and sets forth Paragraphs 1-22 above as if specifically set forth.

24. Plaintiff alleges that there were in full force and effect statutes of the State of Tennessee *inter alia*, set forth in Tennessee Code Annotated, governing the operation of motor vehicles on the roads and highways in this State, and that Defendants violated one or more of said statutes.

25. At all times, Defendant Watson had the duty to observe and abide by lawfully promulgated statutes, rules and regulations of the State of Tennessee.

26. Defendant Watson failed to observe and abide by lawfully promulgated statutes, rules and regulations:

    a. Tenn. Code Ann. § 55-8-115. Driving upon right half of roadway

    (a) Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway, except as follows:

    (1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;

    b. Tenn. Code Ann. § 55-8-119. Driving on left side of roadway in overtaking and passing;

    No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction, unless the left side is clearly visible and is free from oncoming traffic for a sufficient distance ahead to permit overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken.

c. Tenn. Code Ann. § 55-8-117. Overtaking and Passing;

(1) The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle;

d. Tenn. Code Ann. § 55-8-123. Traffic lanes;

Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules, in addition to all others consistent with this section, shall apply:

(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety;

e. T.C.A. § 55-8-136. Due Care

...

(b) Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver of a vehicle shall exercise due care by operating the vehicle at a safe speed, by maintaining a safe lookout, by keeping the vehicle under proper control and by devoting full time and attention to operating the vehicle, under the existing circumstances as necessary in order to be able to see and to avoid endangering life, limb or property and to see and avoid colliding with any other vehicle or person, or any road sign, guard rail or any fixed object either legally using or legally parked or

legally placed, upon any roadway, within or beside the roadway right-of-way including, but not limited to, any adjacent sidewalk, bicycle lane, shoulder or berm.

(c) A violation of this section is a Class C misdemeanor.

f.   T.C.A. § 55-8-103. Obedience to all Traffic Laws Required.

It is unlawful and, unless otherwise declared in this chapter and chapter 10, parts 1-5 of this title with respect to particular offenses, it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title.

g.   T.C.A. § 55-10-205. Reckless Driving.

(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

...

(d)(1) A violation of this section is a Class B misdemeanor

27.   Defendant Watson's acts and omissions were negligence per se and constituted a direct and proximate cause of said collision.

28.   As a direct and proximate cause of Defendants' actions, Plaintiff has suffered significant damages, including but not limited to serious bodily injury, loss of monetary capital, pain and suffering, mental anguish, and economic loss caused by Defendants' negligence, all of which entitles Plaintiff to recover a judgment against the Defendants for compensatory damages in an amount deemed reasonable by a jury.

29. Plaintiff is, therefore, entitled to recover judgment against Defendants for compensatory damages in such amounts as deemed reasonable by a jury.

## COUNT III
## NEGLIGENT HIRING, SUPERVISION, OR RETENTION
### (Defendant J.B. Hunt Inc.)

30. Plaintiff re-alleges and sets forth Paragraphs 1-29 above as if specifically set forth.

31. As a for-profit transportation company operating a motor carrier on the roads of the State of Tennessee, Defendant J.B. Hunt Inc. had a duty to operate its vehicles in a safe manner.

32. Defendant J.B. Hunt Inc. as the employer of Defendant Watson had a duty to prevent an unreasonable risk of harm to third persons to whom it knows or should have known that the Defendant Watson would cause harm.

33. Defendant Watson, while operating the vehicle owned by Defendant J.B. Hunt Inc. was acting in the scope of his employment with Defendant J.B. Hunt Inc.

34. Defendant J.B. Hunt Inc. hired or retained Defendant Watson, and it knew or, in the exercise of reasonable care, should have known Defendant Watson was incompetent and/or unfit for the job position assigned.

35. Defendant Premier Transportation breached the duties it had when it hired, retained, and negligently supervised Defendant Watson, as the driver of the 2015 Freightliner truck, VIN 3AKJGLD53FSGM8723 owned by Defendant J.B. Hunt Inc., which negligence was the direct and proximate cause of the collision and severe and permanent physical injuries and damages to the Plaintiff Melba Phipps,

36. Defendant Watson, in negligently operating the vehicle owned by Defendant J.B. Hunt Inc. caused a foreseeable harm to Plaintiff, which harm to Plaintiff most probably would have been spared had Defendant J.B. Hunt Inc. taken reasonable care in supervising or retaining Defendant Watson.

37. As a direct and proximate cause of Defendants' actions, Plaintiff has suffered significant damages, including but not limited to serious bodily injury, loss of monetary capital, pain and suffering, mental anguish, and economic loss caused by Defendants' negligence, all of which entitles Plaintiff to recover a judgment against the Defendants for compensatory damages in an amount deemed reasonable by a jury.

## Damages

38. Plaintiff re-alleges and sets forth Paragraphs 1-37 above as if specifically set forth.

39. As a direct and proximate result of the aforementioned acts and omissions of common law and statutory negligence on the part of the Defendants, directly or by imputation, Plaintiff was caused to suffer severe and permanent injuries, including but not limited to, the following:

    a.    Severe, painful, and permanent injury;

    b.    Fright and serious shock;

    c.    Great physical pain and mental suffering;

    d.    Psychological injuries, nervousness, and anxiousness;

    e.    Inability to enjoy the normal pleasures of life;

    f.    Property damage;

    g.    Expenses for transportation, parking, and other expenses incurred as a result of the collision and resulting injuries;

    h.    Lost wages and/or time;

    i.    Impaired future earning capacity; and

    j.    Any other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.    As to all Counts, Plaintiff is awarded a judgment against the Defendants in the amount that truth dictates and justice demands and not to exceed THREE MILLION DOLLARS ($3,000,000.00), for actual compensatory and punitive damages for the Defendants' gross willful and wanton negligence;

B.    Awarding the costs and the expenses of this litigation, including a reasonable attorney's fee to the Plaintiff; and

C.    Such other general relief as the Court deems just and proper.

PLAINTIFFS DEMAND A JURY TRIAL ON ALL CLAIMS IN THIS CIVIL ACTION, AS PROVIDED BY RULE 38.02 OF THE TENNESSEE RULES OF CIVIL PROCEDURE.

Respectfully submitted,

                              MELBA PHIPPS

By: _____
Daryl A. Gray, B.P.R. No. 027781
Attorneys for Plaintiff
GRAY LAW GROUP, LLC
1331 UNION AVENUE
MEMPHIS, TN 38104
(504) 264-5552
(504) 264-5581 (Facsimile)
daryl@gograylaw.com

We are surety for costs in this cause.
GRAY LAW GROUP, LLC

By _____



ess Se
y of S

ate of Tennessee
L. Parks Avenue, 6th Floor
lle, Tennessee 37243-1102



17 0530 0000 1892 3174

Matt Blackburn

J. B. HUNT TRANSPORT, INC.
4949 TUGGLE ROAD
MEMPHIS, TN 38118